Agnes, Peter W., J.
I.Introduction
The motion before the court is defendant’s 12(b)(6) motion for dismissal for failure to state a claim upon which relief can be granted. There are nineteen counts outlined in the original complaint. Counts I-VI of the complaint are alleged against KLM Realty and Counts VII-XII of the complaint are alleged against Robert and Judith Maloney (Trustees) as trustees of KLM Realty.[1] Counts I and VII allege negligence against KLM and Trustees respectively, for their failure to properly maintain in a safe, secure and functional manner, the structures or systems, including, but not limited to, the electrical and fire systems. Counts II and VIII allege breach of express contract by the respective defendants, for their failure to properly maintain in a safe, secure and functional manner, the structures and or systems, including, but not limited to, the electrical and fire systems, of the building in which it leased an office to plaintiffs insured. Counts III and IX allege that respective defendants breached an implied contract for their failure to properly maintain in a safe, secure and functional manner the structures and or systems, including but not limited to the electrical and fire systems, of the building in which it leased an office to plaintiffs insured. Counts IV and X allege that respective defendants breached express warranties for their failure to properly maintain in a safe, secure and functional manner the structures and or systems, including, but not limited to, the electrical and fire systems of the building in which it leased an office to plaintiffs insured. Counts V and XI allege that respective defendants breached implied warranties for their failure to properly maintain in a safe, secure and functional manner, the structures and or systems, including but not limited to the electrical and fire systems, of the building in which it leased an office to plaintiffs insured. Finally, Counts VI and XII seek damages under the theoiy of quantum meruit against respective defendants for money had and received from plaintiffs insured for their failure to properly maintain in a safe, secure and functional manner, the structures and or systems, including, but not limited to, the electrical and fire systems, of the building in which plaintiffs insured rented an office. The remaining counts of the complaint are against defendants not involved in the motion before the Court.
2.Contentions of the parties
The defendants now move to dismiss Counts II-VI against KLM Realty and Counts VIII-XII against Trustees. The defendants claim that plaintiff Dr. Gulati was a tenant-at-will and therefore no breach of express contract or warranty could have existed. The defendants next claim that Massachusetts does not recognize any implied warranties in a commercial lease, making counts V and XI invalid. Finally, the defendant claims that without a claim for breach of contract, quantum meruit cannot exist and even if a contract exists, defendant contends that Massachusetts does not recognize a right of recovery in quantum meruit in a commercial lease. In summation, the defendants claim that there are only two valid counts against them in the complaint: Counts I and VII. Further, the defendants claim that Trustees should not be a party to this suit because they have no legal liability[2] In opposition, the plaintiff contends that there may be a basis for breach of express contract and warranties, although he does not cite any authority for this stance. Plaintiff also offered no proof in his memoranda in opposition or at oral argument to show that some express promises were made or contractual obligation was created. Plaintiff next claims that there is a basis for implied warranties in a commercial lease in Massachusetts. Finally, the plaintiff claims that there is a legal basis for quantum meruit as a result of the lease agreement between plaintiff and defendant.
3.Discussion
The Supreme Judicial Court has addressed but not decided whether there are implied warranties in commercial leases. Young v. Garwacki, 380 Mass. 162, 171 (1980); Chausse v. Coz, 405 Mass. 264, 267-68 (1989); Humphrey v. Byron, 447 Mass. 322, 330 (2006). In Young the tenant was a tenant at will. Young, 380 Mass. at 163. A guest of a residential tenant was injured after sustaining a fall from the balcony that resulted from a broken railing. Id. The Court stated that the landlord should not be liable in negligence unless he knew or should have known of the defect and had a reasonable opportunity to repair it. Id. at 171. In Chausse, a company leased a premises and an *292 employee was injured during a chemical explosion. Chausse, 405 Mass. at 265. The plaintiff requested that the Court extend the ruling in Young to commercial leases. Id. at 266. The court declined to rule that an implied warranty of habitability existed in that case. Id. at 267-68. The court did state that in some circumstances they might recognize an implied warranty of habitability in a lease for commercial purposes, but they did not identify what those circumstances were. Id. at 268. In Humphrey, the plaintiff had a written commercial lease with the landlord. Humphrey, 447 Mass. at 324. Again, the plaintiff requested that the court extend the ruling in Young to commercial leases. Id. at 323. The court declined to extend the ruling to commercial leases. It reasoned that the bargaining power of commercial tenants is generally greater than that of residential tenants. Id. at 330. The implied warranty of habitability is ill-suited to many in commercial settings, where lessees can bargain for express warranties. The Court did not foreclose that there may be implied warranties in certain types of commercial leases, but pointed out that there are significant differences in commercial and residential leases.[3] In addition to the bargaining power, the court explained that commercial leases give the tenant incentive to k'eep up and repair the premises for the benefit of his/her own business. In addition, commercial leases often span a greater amount of time than residential leases. The Court has yet to find a set of facts that resulted in an implied warranty of habitability in a commercial lease.
4.
The facts of this case do not provide this court with any basis to find that there was an implied warranty of habitability. The plaintiff was occupying the premises as a tenant-at-will. There is no indication that any promises were made by the landlord to the inhabitant. There also is no indication that the fire alarm that was alleged to have led to the damage was in violation of state sanitary code or the result of a defect that was known or should have been known by the landlord. Even if implied warranties can exist in a commercial lease, one did not exist in this case. Since no implied warranty or express contract exists in this case, it is obvious that no quantum meruit claim can be brought.
5.
For the foregoing reasons, defendant’s 12(b)(6) motion to dismiss for failure to state a claim regarding Counts II-VI and VIII-XII, is ALLOWED.

At the oral argument, the Court allowed the plaintiffs motion to amend his complaint by substituting KLM Realty for Chadwick Medical and Trustees Robert and Judith Maloney for Robert Maloney.

At oral argument plaintiffs attorney stated that he included Robert and Judith Maloney as defendants in case of the event that KLM Realty was no longer a viable entity. He wanted assurances for his client that someone would be held liable for the damages. Plaintiff agreed that the individual trustees should be dismissed.

Plaintiff relies on Davidow v. Inwood North Professional Group in its memorandum. That case involved a doctor who leased space in a building. Davidow v. Inwood, 747 S.W.2d 373 (Tex. 1988). However, unlike the case at bar, the tenant signed a five-year lease with express terms specifying the obligation of the landlord to provide certain services. Id. at 374. The tenant experienced significant problems relating some of the express promises made by the landlord including an infestation by rodents, water leaks, defective air conditioning, crime, vandalism, trash, maintenance, and electricity. Id. at 374-75. The court did conclude that there was an implied warranty of habitability in commercial leases. Id. at 377. The court explained that this means that at the inception of the lease the premises are suitable for their intended commercial purpose. Id. The basis for the holding in Davidow is at odds with the cautious approach outlined by the Supreme Judicial Court in the Humprey case, 447 Mass. at 330. Even if there was a lease in this case, the facts of the case at bar are distinguished from Davidow. There is no basis in our caselaw to extend the holding in Davidow to a case such as this.